No. 16,577.

BERNARD *v*. THE PEOPLE.
(238 P. [2d] 852)

Decided October 29, 1951. Rehearing denied November 19, 1951.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the people.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the court.

We will herein refer to plaintiff in error as defendant, or Bernard. Defendant, Roscoe Sexton and Clinton Brown were charged by joint information with the crime of aggravated robbery, and defendant is the same individual designated as Bernard in cause number 16516 of this court, *Brown v. People*, 124 Colo. 412, 288 Pac. 847, the opinion in which has this day been announced.

■ ■ During the course of trial of the principal offense, evidence was offered and received, over defendant's objection, with relation to flight and escape by defendant and Sexton. It is contended that the receipt of such evidence was improper, and that the trial court, by its admission, committed error. Without going into detail as to the specific instances involved, or the facts concerning each thereof, suffice it to say that the position of defendant in this respect is untenable. The general rule is well stated in volume 20 American Jurisprudence, page 275, section 294, as follows: "A wide range of evidence is admitted in proof of flight. Thus, testimony by a sheriff that he made a search for the defendant is competent evidence to show flight. Testimony as to the place of arrest is admissible to prove flight, * * *." Also, in section 298, page 276, id., is the statement: "Evidence of the escape and flight of a person charged with a crime, from·jail or the custody of an officer, or of his attempt to escape is competent, in connection with other facts and circumstances, on the question of his guilt, notwithstanding it has only slight tendency to prove guilt, but an escape or an attempted escape may only be shown where the fact that a crime has been committed, for which the accused is being tried, has been shown. Evidence that during confinement before trial, an accused sawed the bars of his cell, assaulted the guard, and attempted to escape is not rendered inadmissible by the fact that he was under two separate indictments for crimes. The possession of tools suitable for effecting an escape is also an incriminating fact which may go to the jury."

Such evidence is admissible upon the theory that flight and escape indicate a guilty conscience, perhaps relates to motive, and is admissible, not in proof of the crime itself, but in corroboration of other evidence thereof, and same may properly go to the jury for such consideration and weight as that body may desire to give it, under instructions of the court properly defining its purpose and effect. *Dockerty v. People,* 96 Colo. 338, 348, 44 P. (2d) 1013. The jury in this case was properly instructed thereon concerning this point.

During the course of trial further evidence was offered pertaining to an attempted escape from the county jail by Sexton, not participated in by this defendant, but in that connection the court specifically called attention of the jurors to this circumstance and admonished them that such evidence applied only to the defendant Sexton and was not to be considered in connection with either this defendant or Brown; therefore, prejudice could not have resulted to Bernard by reason of the receipt of evidence of that episode.

In all other respects, and under all other assignments of alleged error in this case, the facts and general surrounding circumstances are parallel and in many instances identical with those set forth in the opinion of *Brown v. People, supra.* To prolong this opinion would be but to repeat what we stated in the Brown opinion and would accomplish no present purpose nor add to the lore of legal knowledge. We adopt, therefore, as decisive of the instant case, the rules and principles set forth in the opinion in the Brown case.

The judgment is affirmed.

MR. JUSTICE KNAUSS not participating.