No. 21770.

Rudy Joe Vigil *v.* The People of the
State of Colorado.
(421 P.2d 120)

Decided December 12, 1966.     Opinion modified and as modified
petition for rehearing denied January 3, 1967.

LESTER L. WARD, JR., for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*In Department.*

PER CURIAM.

RUDY JOE VIGIL was charged with the crimes of larceny from the person and conspiracy to commit such larceny. In both counts the named victim was one Omer Wayne Kindred. Other participants in the evening's occurrences were Robert Black and Barbara Sandoval.

In the course of the evening Mr. Kindred visited three taverns, at each of which he consumed a number of beers. At the second tavern he met Mr. Black, and the two were joined at the third by a Miss Sandoval and Mr. Vigil. The record next shows that the four left in an automobile with the intention of "making a night of it."

When they reached the outskirts of Pueblo, Kindred withdrew from the car to answer the call of nature. His

two male companions also left the car, and a broken quart beer bottle at the scene is mute evidence of the weapon used by one of them to strike Kindred on the head. Thereafter, he was relieved of his wrist watch, Ronson lighter, and some thirty-nine dollars in money.

In the ordinary course of police procedure, defendant Vigil was taken into custody, and after being furnished temporary accommodations at the city jail for five days, he was then transferred to the county jail.

Defendant's contention, expressed through his counsel, was that July heat in the Pueblo county jail was something he "could not stand"; and after enduring some thirteen days and nights of it he felt impelled to leave the confines of the jail — even though without consent — in company with five other prisoners. His object remained unattained when he was shortly thereafter captured and reconfined.

The facts hereinbefore recited came from the witness stand virtually unchallenged, neither the defendant nor others in his behalf having chosen to present any evidence to the jury.

We address ourselves to the defendant's assertion of error by the trial court in its denial of his motion for a new trial following verdicts of guilty on both counts.

I.

■■ Little remained for imagination or conjecture after the testimony of the victim Kindred and his supporting witnesses as to the events of the evening. Defendant's contention is that "no evidence was offered" to establish any conspiracy — no showing of any agreement, combination or confederation between Black and the defendant. It has long been recognized in this jurisdiction that conspiracy is generally covert and consequently needs to be established in most cases by circumstantial evidence. Because of the very nature of the crime, it is only in rare instances that it is possible for the prosecution to prove that the parties came together and actually agreed upon a method of operation for the

accomplishment of an offense. The evidence of cooperation toward the achievement of the common object here shown between the defendant, Black, and even Miss Sandoval, is impressive and certainly sufficient to warrant the findings of the jury, final arbiter — as it must be — of the facts. *Medina v. People,* 154 Colo. 4, 287 P.2d 733.

## II.

This conclusion likewise disposes of the vacuous claim of defendant that because there is no direct evidence that he personally, actually, and physically took the Kindred watch, he cannot be held liable for its theft. The evidence before the jury clearly established a concert of action by defendant and his co-conspirators which, in turn, created a relationship of principal and accessory. It is not necessary under such circumstances to prove actual possession of stolen property in one or another of the participants in such a joint venture. The act of one becomes the act of all; the act of all, the act of one. *Harris v. People,* 139 Colo. 9, 335 P.2d 550, citing and affirming *Mulligan v. People,* 68 Colo. 17, 189 Pac. 5.

## III.

The defendant's third assertion of error is novel and interesting, even if not bottomed on recognizable precedent, soundness, or supporting evidence in the record. Assuming, but of course not deciding, that July 31 is the hottest part of summer in Pueblo, and that excessive heat might well have enveloped the defendant and his companions for several days, we are not advised of any precedent to the effect that those who so suffer may seek relief in cooler climes beyond the confines of the county jail. Defense counsel's commentary in his brief that "man's nature does not take kindly to incarceration and until conviction he should not be expected to remain behind bars," true as it may be, cannot well or safely be given judicial sanction as here requested.

The record amply establishes the cautious and correct procedure of the trial judge upon the tender and

admission of the evidence of escape with reference to the pertinent oral and written instruction. The jury was correctly advised that if it should find from the evidence beyond a reasonable doubt that the crime charged in the information was committed by some person, and that after such crime was committed the defendant fled from jail or the custody of an officer, such flight would be a circumstance, although not sufficient in itself to establish the guilt of the defendant, yet nevertheless a circumstance which it might well consider in connection with all the other facts and circumstances proven at the trial in determining the guilt or innocence of the defendant, it being for determination by the jury from the evidence whether such flight was caused by a consciousness of guilt or by some innocent motive. *Kostal v. People,* 144 Colo. 505, 357 P.2d 70; *Bernard v. People,* 124 Colo. 424, 238 P.2d 852.

We hold that excessive July heat would not constitute, per se, such innocent motive here referred to as to warrant the overturning of the jury's findings and verdict of guilty of the crimes charged under the record here presented.

The judgment accordingly is affirmed.

MR. JUSTICE FRANTZ, MR. JUSTICE MCWILLIAMS, and MR. JUSTICE SCHAUER concurring.