No. 23992.

THE PEOPLE OF THE STATE OF COLORADO v.
MARTIN ABRAHAMSEN.
(489 P.2d 206)

Decided October 4, 1971.

Duke W. Dunbar, Attorney General, Floyd Marks, District Attorney, Adams County, Stanley B. Bender, Deputy, for plaintiff in error.

Richard W. Johnston, John P. Gately, for defendant in error.

*En Banc.*

ALBERT J. TOMSIC, District Judge,* delivered the opinion of the Court.

AN information filed August 19, 1968, in the Adams County District Court, Docket No. C-3282, charging Martin Abrahamsen with the crime of theft of trade secrets in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-34, was dismissed on motion of the defendant for reasons hereinafter set forth. The case is here on writ of error requesting that this Court disapprove the action of the lower court.

The record discloses that on August 14, 1967, the district attorney filed a complaint in the county court of Adams County charging defendant with two misdemeanor counts of theft of trade secrets. On August 29, 1967, the defendant was arraigned in county court, entered a plea of not guilty, and the case was set for trial to a jury. Before trial date, the district attorney filed a motion to dismiss the complaint on the grounds that felony charges should be filed in the district court, and an order of dismissal was entered September 12, 1967.

On the same date the district attorney filed a four-count information in the district court, Criminal Action No. C-3073, charging the defendant with felony theft, misdemeanor theft, and two misdemeanor counts of theft of trade secrets.

Defendant filed a motion to dismiss the two misdemeanor counts of theft of trade secrets for the reason that addendum lists described in the information were not trade secrets within the statute charged. At the hearing of this motion on October 23, 1967, the district attorney confessed defendant's motion to dismiss, stating: "However, not on just exactly the same grounds, but I am willing that they be dismissed." Thereupon, the court granted the motion.

The district attorney then moved to file an additional count of conspiracy to commit theft, which motion was granted.

Case No. C-3073 came on for trial to a jury May 14, 1968. Prior to jury selection, the second count of the information, misdemeanor theft, was dismissed.

On the second day of trial, and after defendant had exercised six peremptory challenges, the district attorney moved for a *nolle prosequi* of the remaining counts of the information — the felony theft count, and the fifth added count of conspiracy. The stated reasons for the *nolle prosequi* motion were as follows:

". . . . [A]lthough it is the opinion of the office of the District Attorney that the evidence in this case will show a theft of addendum lists and that such a theft is proscribed by the statute on Grand Theft, inasmuch as there is another statute that particularly proscribes the theft of Trade Secrets, it is felt that a prosecution under the later statute would be more appropriate."

During the colloquy between the district attorney and the court concerning this motion, the court stated: "* * * I am going to rule that if you dismiss at this time, you are dismissing for all time to come; you can't refile a theft charge or conspiracy to commit theft." The district attorney replied: "Well, we will want to refile on the theft of trade secrets. I don't feel there is any jeopardy that's attached." The motion was granted and the action was dismissed.

Thereafter, three months later, the district attorney filed the present case, charging the defendant with theft of trade secrets pursuant to 1967 Perm. Supp., C.R.S. 1963, 40-5-34. The defendant filed a motion to abate the action on the grounds that the district attorney had abandoned prosecution in Case No. C-2204 in the county court, and Case No. C-3073 in the district court; that defendant had been denied a jury trial on two separate occasions; and that defendant had been subjected to increased legal expense and had been unduly harrassed. On October 28, 1968, defendant filed an amended motion to abate prosecution, setting forth as additional grounds

that the filing of three separate cases had prejudiced defendant and that the order of dismissal October 28, 1967, of Case No. C-3073 was *res judicata*; that the prosecution was barred by the doctrine of collateral estoppel; that further prosecution subjected defendant to double jeopardy, and denial of due process under the United States and Colorado Constitutions. The court reviewed the procedural indecision of the district attorney in filing three separate actions involving eight different criminal charges, some being refilings of earlier dismissed counts, and noted that in each of the two prior actions defendant was prepared to proceed to trial; that through no fault of the defendant the actions were dismissed; that the district attorney had been advised, in Case No. C-3073, that if the action were dismissed it would be final; that the prosecution had had its day in court; that, nevertheless, it proceeded to dismiss the action; that defendant had been placed in jeopardy and could not be tried again; and that the charge was *res judicata*. The court thereupon dismissed the action.

I.

■ We agree with the contention of the People that the *nolle prosequi* dismissal in Case No. C-3073 did not serve to place the defendant in jeopardy as contemplated by Article II, §18 of the Constitution of the State of Colorado.

■ A claim of double jeopardy will not lie in a criminal case tried to a jury (assuming a valid indictment or information, and that the court has jurisdiction) unless each of the following are shown: (1) that the defendant has been duly arraigned and has pleaded; and (2) that the jury has been impaneled and sworn. *Krutka v. Spinuzzi,* 153 Colo. 115, 384 P.2d 928; *Menton v. Johns,* 151 Colo. 276, 377 P.2d 104; *Herman v. People,* 124 Colo. 46, 233 P.2d 873.

In Case No. C-3073, the jury was in the process of being impaneled but *had not been sworn* to try the issues. The

defendant, therefore, was not placed in jeopardy, as concluded by the lower court.

## II.

We also agree with the contention of the People that the doctrine of *res judicata* and collateral estoppel were not applicable to bar prosecution of defendant in Case No. C-3282.

As a general rule, a dismissal entered before jeopardy attaches is not equivalent to an acquittal and does not operate to bar a subsequent prosecution for the same offense. *Lawson v. People,* 63 Colo. 270, 165 P. 771; 22 C.J.S. *Criminal Law* §254; 21 Am. Jur. 2d *Criminal Law* §180.

The dismissal of counts 2, 3 and 4 prior to trial and the dismissal of the remaining counts 1 and 5 (during jury selection) upon the district attorney's motion of *nolle prosequi* in Case No. C-3073 was not a final judgment on the merits of the case. Therefore, neither the doctrine of *res judicata* nor the doctrine of collateral estoppel applied, and the district attorney was not precluded from further prosecution on that basis. *State v. Heitter,* 203 A.2d 69 (Delaware), 9 A.L.R.3d 195; 21 Am. Jur. 2d *Criminal Law* §217.

## III.

Notwithstanding the fact that the double jeopardy reasons given by the lower court in its order dismissing Case No. C-3282 were erroneous, we affirm the dismissal.

Defendant contends that he has been denied due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article II, § 25 of the Colorado constitution. We agree.

The question is whether the procedures followed by the district attorney violated the concept of fundamental fairness guaranteed by the due process clause of the federal and Colorado constitutions. In both the county court and the district court, the defendant was prepared

for trial and in both courts the actions were dismissed by the district attorney through no fault of the defendant. The repeated filings of essentially the same charges against the defendant and the pattern of dismissal of counts, followed by refiling of the same counts, required the defendant to make multiple court appearances and subjected the defendant to excessive expense in defending himself, and to unwarranted prolonged anxiety and concern under the circumstances. In addition, defendant was placed under the cloud of undetermined criminal charges for an indeterminate and unreasonable period of time by the procedures adopted by the district attorney.

We conclude that the methods employed by the district attorney to keep the prosecution of defendant alive, although procedurally within the law, in fact violated the due process requirement of fundamental fairness. See concurring opinion in *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1.

The judgment is affirmed.

JACK F. SEAVY, District Judge,* participating.

MR. JUSTICE DAY and MR. JUSTICE HODGES not participating.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.