No. 25121

## The People of the State of Colorado v. Bobby Drumright
### (507 P.2d 1097)

Decided March 19, 1973.　　　　　Rehearing denied April 9, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jack E. Hanthorn, Assistant, for plaintiff-appellee.

Sol Cohen, Morton L. Davis, for defendant-appellant.

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was found guilty of the theft of a mobile home trailer valued in excess of $100, in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-2. We affirm.

By August 1969, the Pearl Motor Co. had ceased doing business. It did not maintain a security guard at its lot. Sometime around the first of August 1969, the defendant was seen by a police officer on the lot. The officer asked the defendant what he was doing and the defendant responded that he was working for Pearl Motor Co.

The theft of the mobile home trailer from the lot was reported on August 6, 1969. Sometime in the early or middle part of August 1969, at approximately 10:00 or 10:30 p.m., a neighbor saw the defendant and another pull the same mobile home onto the defendant's property. On the second morning after the trailer had been moved to the defendant's property, at approximately 3:30 to 4:00 a.m. (while it was still dark), the neighbor saw the defendant and another man begin painting the trailer.

In May 1970, the defendant was questioned by a police

officer as to the ownership of the trailer. The defendant produced a handwritten bill of sale which read as follows: "Bill of Sale Sold to Bob Drumright one 1959 10 by 55 House trailer for the sum of 800.00 Dollars. Paid by Cash.

(Signed)
Tom Lively
Denver Colo."

When asked by the police officer whether he had written the bill of sale, the defendant replied: "No, certainly not."

The defendant also gave the officer a certificate of title dated November 28, 1969, which showed title in defendant to a "homemade" trailer which had been "assembled" by defendant. This certificate was issued on an "affidavit" and not as a result of a transfer to the defendant.

The person who supposedly sold the trailer to the defendant could not be located. A handwriting expert testified at trial that the name "Bob Drumright" on the bill of sale was written by the defendant. Additionally, there was testimony to show that the description of the trailer on the title paper did not match the actual description of the defendant's trailer.

The defendant does not contend that the trailer in his possession was not the same trailer as that stolen from the Pearl Motor Co. lot. His theory of the case at trial was that he bought the trailer for cash from someone he did not know after seeing the trailer sitting alongside a road with a "For Sale" sign on it.

I.

The primary contention of the defendant is that the People's evidence was insufficient in quality and quantity to support the guilty verdict. After viewing the testimony in the light most favorable to the People, we believe the evidence was sufficient. *Dodge v. People,* 168 Colo. 531, 452 P.2d 759 (1969). The jury could permissibly infer that the defendant was guilty of the theft from all of the following facts: The defendant's presence on the Pearl Motor Co. lot shortly before the theft of the trailer; his possession of the trailer within several days after the theft; the fact that he began

painting the trailer shortly after placing it on his property and during the early morning hours while it was still dark outside; and the fact that he had written at least a portion of the bill of sale, although he denied that he had written it.

## II.

The defendant argues that the trial court erred in allowing a witness to testify as a handwriting expert. The qualification of an expert witness is within the discretion of the trial court and will not be disturbed on review unless a clear abuse of discretion is shown. *White v. People*, 175 Colo. 119, 486 P.2d 4 (1971); *Ziatz v. People*, 171 Colo. 58, 465 P.2d 406 (1970); and *Hampton v. People*, 171 Colo. 153, 465 P.2d 394 (1970). We find no such abuse here.

The defendant further argues that the fact that the expert testified only that the defendant had written the name "Bob Drumright" on the bill of sale improperly permitted the jury to infer that the defendant also wrote the seller's name. The most obvious effect of the expert's testimony appears to be, however, that when the defendant told the police officer he had not written the bill of sale, he was — at least in part — not stating the truth. This fact would to some degree cast doubt upon the defendant's theory of the case. Under these circumstances, we find no error in the admission of the testimony.

## III.

The remaining assignments of error are without merit.

Judgment affirmed.

MR. JUSTICE KELLEY does not participate.