No. 26073

**The People of the State of Colorado v. Bobby Drumright**

(536 P.2d 38)

Decided June 2, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, John R. Rodman, Assistant, for plaintiff-appellee.

Allen J. Kincaid, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was found guilty of the theft of a mobile home trailer valued in excess of $100, in violation of 1967 Perm. Supp., C.R.S. 1963,

40-5-2.[1] We affirmed the conviction in *People v. Drumright*, 181 Colo. 137, 507 P.2d 1097 (1973). After the affirmance the defendant filed a motion for new trial predicated upon alleged newly discovered evidence. The trial court denied the motion, and we affirm.

In material part the motion for new trial set forth the following: That since the trial the defendant has changed counsel; that it has come to the attention of the new counsel that defendant was coerced under threat of death to not testify in his own behalf at trial; and that defendant's prior counsel was unaware of such coercion and that facts were being withheld by the defendant.

At the trial the defendant called Andrew Gray as a witness. Gray testified that he had not seen the trailer until it was in the possession of the defendant. Also at the trial, defense counsel attempted to use Gray's testimony to establish that defendant had purchased the trailer at a certain location.

The defendant was the only witness at the hearing on the motion for new trial. He testified that Gray had placed the trailer in his possession; that Gray threatened his life and the members of defendant's family if defendant took the stand in his own behalf at the trial; that Edgar Roach (also witness for the defense at defendant's trial) and P. Stachvich were present when Gray made these threats; that, with respect to the bill of sale introduced at trial, at the hearing on the motion for new trial on direct examination defendant testified that Gray "had the bill of sale and brought it over to" the defendant; that, on cross-examination, defendant stated that he (the defendant) had written the bill of sale and that Gray had signed it; and that at the time of the hearing on the motion for new trial Gray was residing in Thornton, Colorado.

After defendant concluded his testimony at the hearing on the motion for new trial, his attorney stated that he had no further witnesses. He then asked the court to rule on the basis of the evidence presented — unless the court would grant additional time in which counsel might procure affidavits from Roach and Stachvich. The court denied the motion.

The denial of the motion for a new trial based upon newly discovered evidence will be reversed only upon a showing of gross abuse of discretion by the trial court. *Baker v. People*, 176 Colo. 99, 489 P.2d 196 (1971); and *Digiallonardo v. People*, 175 Colo. 560, 488 P.2d 1109 (1971). We perceive no abuse of discretion.

This does not present a case of newly discovered evidence. The "newly discovered evidence" presented by the defendant at the hearing consisted of facts which obviously were known by the defendant at the time of trial.

If we were to reverse this case, it would set a precedent for the following: A defendant does not testify at his trial. He is convicted. Thereafter, he obtains a new trial based upon "newly discovered evidence" consisting of his own testimony to the effect: that he did not testify because he was

[1]This was repealed as a part of the adoption of the Colorado Criminal Code. Colo. Sess. Laws 1971, ch. 121, p. 388. Title 18, C.R.S. 1973.

threatened; that someone else was guilty; and that given more time he might find someone to make an affidavit supporting his position. This, in essence, would make a mockery of the law relating to new trials on grounds of newly discovered evidence.

Judgment affirmed.

MR. JUSTICE ERICKSON does not participate.