## No. 27162

## The People of the State of Colorado v. Terry Dikeman
(555 P.2d 519)

Decided October 12, 1976.

Dale Tooley, District Attorney, Thomas P. Casey, Chief Appellate Deputy, for plaintiff-appellant.

Al R. Zinn, P.C., David L. Worstell, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The district attorney brings this appeal solely on a question of law pursuant to section 16-12-102, C.R.S. 1973. A jury acquitted the defendant of first-degree assault. The issue is whether the trial court erred in permitting defense counsel to question a witness called by defendant when defense counsel knew that the witness would claim, in the presence of the jury, a valid privilege not to answer the question on the grounds of self-incrimination.

The defendant and Mark Benning were charged with first-degree assault against the person of John Martinez. The charge against Benning was dismissed for lack of probable cause after a preliminary hearing at the county court level. After defendant's trial began, defense counsel announced, out of the presence of the jury, his intention to call Benning as a witness. At this point, Benning's attorney informed the court that he had advised his client not to take the stand in the instant case on the basis of his Fifth Amendment rights. Nevertheless, defense counsel reiterated his desire to call Benning.

The trial court, as is proper under such circumstances, held an *in camera* hearing. Benning was questioned for the purpose of determining whether he would, in fact, invoke his privilege. Benning answered some

preliminary inquiries but refused to answer any questions regarding the events occurring on the evening of the alleged assault on the grounds that his answers might incriminate him.

Defense counsel then requested the court to permit him to ask Benning the same questions in the presence of the jury. Over the district attorney's objection, the trial court ruled that the defense attorney would be allowed to put such questions to Benning before the jury even though it was evident that Benning would refuse to answer and would invoke his privilege not to answer on the grounds of self-incrimination. In making its ruling, the court relied upon *O'Chiato v. People*, 73 Colo. 192, 214 P. 404 (1923), which held that it was reversible error for the trial court to refuse to allow a defense witness to claim his privilege in the presence of the jury when asked a critical question about his possible involvement in the crime charged.

Benning accordingly was asked in front of the jury about his knowledge of what transpired on the evening of the alleged shooting of John Martinez. Predictably, he refused to answer on the grounds that he might incriminate himself. Because defendant's theory of defense was that Benning fired the shot at John Martinez, Benning's claim of privilege clearly indicated to the jury that he, and not the defendant, committed the assault. This indication was contrary to competent evidence showing that the defendant fired the shot. Defendant did not take the stand.

■ We now rule that the defense may not ask a defense witness questions which it knows the witness will refuse to answer because of a valid claim to a privilege not to testify. We overrule and reject *O'Chiato v. People, supra*, in this regard.

■ For many year, it has been the rule of law in Colorado that the prosecution may not call a witness to testify before the jury if it knows that the witness will claim his privilege against self-incrimination. *DeGesualdo v. People*, 147 Colo. 426, 364 P.2d 374, 86 A.L.R.2d 1435 (1961). Otherwise, the refusal of a prosecution witness to answer certain questions on the ground of self-incrimination could improperly prejudice the defendant because it might be interpreted by the jury as implying the defendant's guilt. *See People v. Scheidt*, 182 Colo. 374, 513 P.2d 446 (1973). Moreover, by so inducing the jury to speculate on matters not in evidence, the prosecutor could manufacture an inference of guilt which could not be removed by the defendant through further questioning of the "mute" witness. Fundamental fairness therefore prohibits a prosecutor from knowingly using a witness' claim of privilege to the prosecution's advantage.

Many other jurisdictions now also impose on *both* the prosecution and the defense the same prohibition against calling a witness who counsel knows will invoke the privilege. *See* Annot., 24 A.L.R.2d 895, § 2, and cases cited therein. The reason for extending the prohibition to both

parties is aptly stated by the court in *State v. Smith*, 74 Wash. 2d 744, 446 P.2d 571 (1968):

"Nearly all cases dealing with this question involve the improper acts of prosecuting attorneys, rather than co-defendants. It is forbidden for a prosecutor to call a witness, knowing that the witness will invoke the privilege, for the purpose of having the jury see the witness exercise his constitutional right. . . . There is no reason for distinguishing these cases on the basis that the party calling the witness was the government. The fundamental point is that the exercise of the privilege is not evidence to be used in the case *by any party* . . . . (Emphasis by the court.)
\* \* \* \*

"If the claiming of the privilege is not evidence which the prosecutor can use, there is no reason why it should be deemed to acquire probative value simply because a codefendant rather than the state seeks to utilize it."
*See also United States v. Lacouture*, 495 F.2d 1237 (5th Cir. 1974); *United States v. Johnson*, 488 F.2d 1206 (1st Cir. 1973); *Bowles v. United States*, 439 F.2d 536 (D.C. Cir. 1969); and *Horner v. State*, 508 S.W.2d 371 (Tex. Crim. App. 1974).

■ Consistency now requires Colorado to likewise adopt the same rule for the prosecution and for the defense. Identical deception can be introduced into a trial if a defense counsel is allowed to manipulate a witness' claim of privilege. It is a rudimentary proposition of law that a criminal trial must be a fair trial not only for the defendant but also for the People. Neither the prosecution nor the defense therefore has the right to deliberately and unfairly benefit from any speculative inferences the jury might draw simply from a witness' assertions of the privilege.

We note that the American Bar Association standards as to the defense function states in § 7.6(c) as follows:

"A lawyer should not call a witness who he knows will claim a valid privilege not to testify, for the purpose of impressing upon the jury the fact of the claim of the privilege. In some instances, as defined in the Code of Professional Responsibility, doing so will constitute unprofessional conduct."

A parallel provision appears in the ABA standards pertaining to the prosecution's function. *See* § 5.7(c).

■ We now hold that the rule in Colorado is that the defense shall not call a witness, when it is known that the witness will claim a valid privilege not to testify, for the purpose of impressing upon the jury the fact of the claim of privilege.

Judgment disapproved.

MR. CHIEF JUSTICE PRINGLE dissents.

MR. JUSTICE KELLEY does not participate.

MR. CHIEF JUSTICE PRINGLE dissenting:

I respectfully dissent.

I think the rule in *O'Chiato v. People*, 73 Colo. 192, 214 P. 404, which the majority overrules today, is eminently correct. I believe that the right of the defendant to a trial by jury does include the right to have the jury present when questions are propounded to a witness which would in effect exonerate the defendant if answered as defendant fairly believes they would be answered, if the privilege were not exercised.

As pointed out in Wigmore on Evidence, § 2268 at 402, the privilege against self-incrimination is "an option of refusal, and not a prohibition of inquiry." I would therefore, approve the ruling of the trial judge.