### No. C-897

### The People of the State of Colorado v. Priestly Cassady Fletcher

(566 P.2d 345)

Decided June 13, 1977. Rehearing denied July 25, 1977.

<hr>

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Deborah L. Bianco, Assistant, for petitioner.

Epstein, Lozow and Preblud, P.C., Gary Lozow, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The state petitioned for writ of certiorari to review the Court of Appeals' reversal of the defendant's first-degree murder conviction.[1] We granted certiorari and now reverse the Court of Appeals.

The defendant hired his girlfriend's brother, Carlos Sanders, to kill two persons who intended to provide evidence against the defendant and his girlfriend, Rosemary Sanders, in a federal criminal action. The defendant's accomplice, Mr. Sanders, as a result of a plea bargain, served as the state's principal witness against the defendant.

On the night of March 23, 1972, Mr. Sanders kidnapped one of the victims, Ms. Sheppard, and took her to his home, where they were joined by the defendant and Ms. Sanders. The four left for Genesee Park, Colorado, where first the defendant, and then, at his request, Mr. Sanders and Ms. Sanders, fired shots into the victim. Thereafter, Mr. Sanders dropped Ms. Sheppard's body down a hole in an abandoned outhouse, and the three returned to Denver.

Numerous details of this grisly event, as described by Mr. Sanders, were corroborated by independent witnesses.

## I. INVOCATION OF FIFTH AMENDMENT PRIVILEGE

The defense attempted to call Rosemary Sanders as its only witness. Following an objection, the trial court held an *in camera* hearing in which it determined that Ms. Sanders would not testify but rather would rely on her Fifth Amendment privilege against self-incrimination.

The trial court denied the defendant's request that Ms. Sanders be compelled to invoke her privilege in the presence of the jury in response to the defendant's questions. The Court of Appeals reversed on this ground, relying on *O'Chiato v. People*, 73 Colo. 192, 214 P. 404 (1923).

---

[1]*People v. Fletcher*, 37 Colo. App. 173, 546 P.2d 980 (1975).

In an opinion so recent that it was not available to the Court of Appeals in deciding the instant case, this Court reconsidered this issue and overruled *O'Chiato. People v. Dikeman*, 192 Colo. 1, 555 P.2d 519 (1976). In *Dikeman* we held:

"that the defense may not ask a defense witness questions which it knows the witness will refuse to answer because of a valid claim to a privilege not to testify. We overrule and reject *O'Chiato v. People, supra*, in this regard.

"For many years, it has been the rule of law in Colorado that the prosecution may not call a witness to testify before the jury if it knows that the witness will claim his privilege against self-incrimination. *DeGesualdo v. People*, 147 Colo. 426, 364 P.2d 374, 86 A.L.R.2d 1435 (1961).

\* \* \* \*

"Consistency now requires Colorado to likewise adopt the same rule for the prosecution and for the defense. Identical deception can be introduced into a trial if a defense counsel is allowed to manipulate a witness' claim of privilege. It is a rudimentary proposition of law that a criminal trial must be a fair trial, not only for a defendant but also for the People." 192 Colo. at 4, 555 P.2d at 520-521.

Thus, the trial court did not err in refusing to require Ms. Sanders to claim her privilege before the jury.

## II. FLIGHT INSTRUCTION

The Court of Appeals concluded that the flight instruction given by the trial court was not supported by the evidence, because there was no showing that the flight took place immediately after commission of the crime. Because a new trial was ordered on other grounds, however, the Court of Appeals did not determine whether giving the flight instruction was prejudicial error. The instruction read:

"If you find from the evidence beyond a reasonable doubt that the crime charged in the Information was committed by some person, and that *immediately after such crime was committed the defendant fled*, such flight would be a circumstance, not sufficient in itself to establish the guilt of the defendant, but a circumstance which you may consider, in connection with all the other facts and circumstances proven at the trial, in determining the question of the guilt or innocence of the defendant. It is for you to determine from the evidence whether such flight was caused by a consciousness of guilt or by some other and innocent motive." (Emphasis added.)

The evidence at trial established that a few days after Ms. Sheppard was murdered, the defendant's car, which was used in committing the crime, was seized by the police. Approximately a month after the murder, Carlos Sanders was arrested and four months after his arrest, he implicated the defendant. A warrant for the defendant's arrest was then issued and an intense search of his usual haunts was conducted. He was not

found. Eight months later, he was apprehended in New Jersey using an assumed name.

We decline to hold, as the Court of Appeals held, that a flight instruction may not be given unless the evidence affirmatively demonstrates that the defendant fled "immediately" after the crime was committed. This Court has previously upheld giving flight instructions in situations where the flight was not immediate. *See Vigil v. People*, 161 Colo. 224, 421 P.2d 120 (1966); *Goldsberry v. People*, 149 Colo. 431, 369 P.2d 787 (1962); *Mills v. People*, 146 Colo. 457, 362 P.2d 152, *cert. denied*, 369 U.S. 841, 82 S.Ct. 869, 7 L.Ed.2d 846 (1962).

It is true that the propriety of giving a flight instruction depends on the facts in the particular case in which the issue is raised. *People v. Morant*, 179 Colo. 287, 499 P.2d 1173 (1972). However, where the "defendant had reason to believe that he had committed a crime, that his identity was known, that his pursuit and apprehension would probably ensue, and that he fled or concealed himself for any length of time to frustrate his apprehension, an instruction on flight would be devoid of error." *Robinson v. People*, 114 Colo. 381, 386, 165 P.2d 763, 765 (1946).

The instruction in this case should not have limited the jury's consideration to flight occurring immediately after commission of the crime. In view of our decision that the evidence supported a flight instruction, however, any error in this respect could not have been prejudicial.

### III. PREJUDICE TO DEFENDANT

Three weeks after the defendant's trial, all charges against Ms. Sanders were dismissed. The defendant argues that the prosecution's failure to reveal to him before his trial its plea negotiations with Ms. Sanders jeopardized his opportunity to call Ms. Sanders as a witness. It is argued, in essence, that if the charges against her had been dropped prior to the defendant's trial, she could not have invoked the privilege against self-incrimination, and he could have called her as a witness.

As a general rule, charging a suspect, deferring prosecution and requesting dismissal are matters within the district attorney's discretion. *People v. District Court*, 186 Colo. 335, 527 P.2d 50 (1974). This defendant does not have the right to substitute his judgment for that of the district attorney in the determination whether the state has sufficient evidence to prosecute another defendant.

Even if the district attorney had dismissed the charges against Ms. Sanders prior to the defendant's trial, she could not have given incriminating testimony without the risk of prosecution. There is no indication that jeopardy had attached in Ms. Sanders' case; no jury had been impaneled and sworn.[2] *People v. Abrahamsen,* 176 Colo. 52, 489 P.2d 206 (1971); *see*

---

[2] We do not formally decide this issue as it is not properly before us. It is sufficient to note that Ms. Sanders would still have been subject to a *substantial risk* of prosecution.

*Espinoza v. District Court*, 180 Colo. 391, 506 P.2d 131 (1973). A subsequent prosecution for the same offense would not have been barred by the dismissal. *People v. Abrahamsen, supra.*

## IV. NEWLY DISCOVERED EVIDENCE

The defendant argues that he is entitled to a new trial based on newly discovered evidence. This evidence is an affidavit signed by Ms. Sanders declaring that because the case against her has been dismissed, she will testify that the defendant was not involved in Ms. Sheppard's murder.

 To succeed on a motion for a new trial based on newly discovered evidence, the defendant must show, *inter alia*, that the evidence was discovered after the trial. *People v. Scheidt*, 187 Colo. 20, 528 P.2d 232 (1974). Ms. Sanders' proposed testimony was known to the defendant when he sought, unsuccessfully, to call her as a witness at his trial. Her reported willingness to testify at a later time does not constitute newly discovered evidence. *See People v. Drumright*, 189 Colo. 26, 536 P.2d 38 (1975).

It should also be noted that Ms. Sanders could still invoke her privilege against self-incrimination. Since, as stated above, it is likely that the charges against her could have been refiled, she still would have incurred a risk of prosecution if she had testified.

 We hold that the trial court did not abuse its broad discretion in denying the motion for a new trial based on newly discovered evidence. *People v. Drumright, supra* (reversal only for gross abuse of discretion).

## V. MOTION TO SUPPRESS

On the third day of trial, the defendant filed a motion to suppress certain photographs and identification testimony concerning his automobile. The photographs were taken at the Denver car pound. The testimony was that of Officer Crawford concerning his identification of the defendant's vehicle. Officer Crawford testified that on the morning of the murder, while patrolling the Genesee Park area, he passed a late model, white-over-green Lincoln Continental bearing license plates beginning with the letters "AM." The car contained two black men and one black woman, and the driver looked like the defendant. Officer Crawford identified the defendant's car as the one he saw in Genesee Park. Its license plates were numbered AM 4059.

 The trial court denied the motion to suppress on the ground that it was not timely. Crim. P. 41(e)(5) provides that a motion to suppress evidence:

"shall be made and heard before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court, in its discretion, may entertain the motion at trial."

The defendant was aware of the evidence he sought to suppress many weeks before trial. While it may be true, as the defendant claims, that Officer Crawford refused to talk with defense counsel's investigator, the officer's reports were made available to the defense well in advance of trial. Under these circumstances, it was within the trial court's discretion to refuse to entertain the suppression motion in the midst of trial. *Morgan v. People*, 166 Colo. 451, 444 P.2d 386 (1968).

## VI. OTHER ISSUES

The parties have raised, but have presented no additional argument on, five remaining issues, each of which was thoroughly considered in the Court of Appeals' opinion. The Court of Appeals properly resolved each of these issues contrary to the defendant's position.

For the reasons stated, the judgment of the Court of Appeals is reversed, and the defendant's conviction is affirmed.

MR. CHIEF JUSTICE PRINGLE specially concurs.

MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.

MR. CHIEF JUSTICE PRINGLE specially concurring:

I concur in the opinion. I must point out, however, that point I of the opinion is based on *People v. Dikeman*, 192 Colo. 1, 555 P.2d 519 (1976). I dissented in that case. I am still of the views which I expressed there but since *Dikeman* is now the law in this state and remains so until a majority of this Court is prepared to overrule it, I am bound to concur.