## No. 27919

**William Murphy v. The District Court in and for the Twenty-First Judicial District and William M. Ela, one of the judges thereof**

(576 P.2d 163)

Decided March 20, 1978.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Edward A. Lipton, Deputy, for petitioner.

Terrance Farina, District Attorney, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The petitioner brought this original proceeding pursuant to C.A.R. 21, contending that his right to a speedy trial had been denied and seeking relief in the nature of prohibition. We issued a rule to show cause, and the parties submitted briefs. We now discharge the rule.

The petitioner was charged in Mesa County District Court with first-degree arson,[1] second-degree burglary,[2] and felony theft.[3] On April 25, 1977, the district court accepted the petitioner's not guilty plea, *nunc pro tunc* to March 17, 1977, the day the not guilty plea had first been tendered. The case was then set for jury trial on July 20, 1977.

Upon the district attorney's motion for continuance, the trial was re-set for September 8, 1977. On September 6, however, the district attorney again moved for a continuance. The ground stated for this motion was that the trial of one Ingalls, who had been charged with the same crimes as the petitioner but was being tried separately, had not yet been completed. Ingalls had incriminated the petitioner in a confession, and he would be available as a prosecution witness in the petitioner's trial, but not until after his own trial at which he intended to assert his privilege against self-incrimination.

The respondent district court specifically found that the district attorney had diligently proceeded against both Ingalls and the petitioner and that delays caused by competency and sanity proceedings involving Ingalls constituted "exceptional circumstances" justifying allowing the prosecution additional time to obtain Ingalls' testimony in the petitioner's trial. Crim. P. 48(b)(6)(VII)(A) and (B). Further, the trial court found that Ingalls' confession was an essential part of the People's evidence. Therefore the court held that the continuance was "justified" under Crim. P. 48(b)(6)(VII)(B) as an exception to the normal speedy trial requirements. On November 14, 1977, the trial court denied the petitioner's

---

[1] Section 18-4-102, C.R.S. 1973.
[2] Section 18-4-203, C.R.S. 1973.
[3] Section 18-4-401, C.R.S. 1973 (1976 Supp.).

motion to dismiss for failure to provide a speedy trial, reaffirming its findings entered at the September 6 hearing.

The relevant speedy trial provision generally requires that a defendant be brought to trial with six months after entry of a not guilty plea, but authorizes excluding from the computation of the six months:

"(VII) The period of delay not exceeding six months resulting from a continuance granted at the request of a prosecuting attorney, without the consent of the defendant, if:

"(A) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date . . . ." Crim. P. 48 (b) (6) (VII) (A).

The instant record clearly supports the trial court's findings. It is undisputed that Ingalls' testimony is material to the People's case against the petitioner, and that the district attorney has at all times exercised due diligence in attempting to complete Ingalls' trial so that he would be available to testify against the petitioner. Ingalls' announced intention to invoke the Fifth Amendment indeed rendered him "unavailable," for neither the prosecution nor the defense may call as a witness one whom they know will claim the privilege against self-incrimination. *People v. Fletcher,* 193 Colo. 317, 566 P.2d 345 (1977); *People v. Dikeman,* 192 Colo. 1, 555 P.2d 519 (1976); *DeGesualdo v. People,* 147 Colo. 426, 364 P.2d 374 (1961). Finally, the district attorney had reasonable grounds to believe that Ingalls would be available to testify after his own trial was completed and he was no longer subject to further prosecution, for the privilege would no longer exist. *See People v. Scheidt,* 182 Colo. 374, 513 P.2d 446 (1973).

Therefore, the essential elements of Crim. P. 48(b) (6) (VII) (A), were met, and the continuance did not deny the petitioner his speedy trial rights. *Cf. Jaramillo v. District Court,* 174 Colo. 561, 484 P.2d 1219 (1971).

Accordingly, the rule to show cause is discharged.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.