The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Richard Allen WEDDLE,
Defendant-Appellant.

No. 80CA1049.

Colorado Court of Appeals,
Div. I.

July 29, 1982.

Rehearing Denied Aug. 19, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, John T. Hyland, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Charles F. Kaiser, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant appeals his conviction by a jury of theft of auto parts with a value greater than $20. We affirm.

■ Defendant's first contention is that the evidence was insufficient as a matter of law to prove that the batteries taken had a value of over $20. However, we conclude that the testimony of the property's owner was sufficient evidence to support the jury's verdict.

■ Defendant's next contention is that the trial court erred in failing to grant a new trial based upon newly-discovered evidence. We find no merit in this contention.

Defendant argues that the testimony of an accomplice, who was unavailable at the time of trial because of the assertion of her privilege against self-incrimination, became newly-discovered evidence at the time that the accomplice indicated that she would waive her privilege. He contends that he was entitled to a new trial based on this new evidence. However, this argument was considered and rejected in the case of *People v. Fletcher*, 193 Colo. 314, 566 P.2d 345 (1977), and the principle of that case applies here.

Defendant's final contention is that he was denied a fair trial because the prosecution unfairly deprived him of the exculpatory testimony of an accomplice by charging the accomplice with commission of a crime to induce her to assert her Fifth Amendment rights and not testify. We disagree.

■ Although an intentional, concerted effort by the prosecution to deprive a defendant of exculpatory testimony through intimidation of witnesses may deprive the defendant of a fair trial, *see, e.g., U.S. v. Morrison*, 535 F.2d 223 (3d Cir. 1976), the

record in this case is devoid of any evidence that the prosecution engaged in any such misconduct. When a witness refuses to testify on behalf of a defendant because of the witness' fear of punishment for criminal conduct, the defendant has not been denied a fair trial. *U.S. v. Herman,* 589 F.2d 1191 (3d Cir. 1978).

Defendant contends that the prosecution's decision to drop charges against the intended witness only eight days after defendant's conviction is prima facie evidence of the prosecution's bad faith. We do not agree with this contention.

■ A prosecutor has broad discretion concerning the conduct of prosecution, *Peo-* *ple v. Fletcher, supra,* and we hold that the filing and/or subsequent dropping of charges against a witness does not, of itself, constitute an abuse of discretion or supply prima facie evidence of a sinister motive. Because defendant failed to introduce any other evidence to support his contention, he did not demonstrate that he was denied a fair trial.

The judgment is affirmed.

BERMAN and VAN CISE, JJ., concur.