The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Joe MARTINEZ, Defendant-Appellant.

No. 83CA0782.

Colorado Court of Appeals, Div. I.

June 20, 1985.

Rehearing Denied July 18, 1985.

Certiorari Denied Dec. 9, 1985.

**10**

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Prugh & Prugh, Katherine Prugh, Fort Collins, for defendant-appellant.

PIERCE, Judge.

Defendant, Joe Martinez, appeals from a judgment entered on a jury verdict convicting him of public rioting with a deadly weapon. We affirm.

The charges against defendant stem from an incident in which defendant, with others, was involved in the exchange of gunfire where several people were wounded.

### I.

Defendant first argues the court erred in allowing the prosecutor to introduce evidence during cross-examination of a witness which tended to implicate the defendant in a prior crime. We find no error in prosecution's cross-examination questions.

Questions to which defendant specifically objects are the following: "You don't remember seeing [a car] there that ... was burned?" and, "Did you know, or had you heard that Joe Salas' car had been burned the night before?" The witness did not have an opportunity to answer the first question because defense counsel moved for a mistrial which the trial court denied and then allowed the prosecution to continue with the second question. To that question the witness answered, "Can't remember."

Defendant argues that this testimony presents a prejudicial innuendo that defendant was involved in the arson which apparently took place prior to the riot. In that there was no testimony during trial with respect to any crime of arson, and in that the questions and answer objected to by defendant were not connected or argued to have involved the defendant with any

prior crimes, we fail to see how the prosecution's questions prejudiced the defendant. Therefore, the motion for mistrial was properly denied. *People v. Goff,* 187 Colo. 57, 530 P.2d 512 (1974); *People v. Smith,* 620 P.2d 232 (Colo.1980).

■ With respect to this testimony, defendant also argues that the prosecution unfairly used the witness' invocation of his Fifth Amendment privilege to its own advantage. The witness had invoked the Fifth Amendment with respect to the crime of arson; however, the questions which the prosecution asked did not relate to the witness' claim of privilege. Therefore, there was no violation of the rule that counsel may not ask questions of a witness which he knows will be met by a valid claim of a privilege not to testify. *Cf. People v. Dikeman,* 192 Colo. 1, 555 P.2d 519 (1976).

## II.

Defendant next argues that a jury instruction stating "that concert of action is not essential to the evidence of 'riot' and a previous agreement or conspiracy need not be shown" was not required under the statute and improperly stated the law. We find no error in submission of this instruction to the jury.

■ Here, the other instructions properly stated the elements of the crime of engaging in a riot with a deadly weapon. *See*

§ 18–9–104, C.R.S. (1978 Repl. Vol. 8). Also, the instructions properly informed the jury of the definition of riot which involves "an assemblage" of persons which by violent conduct create a grave danger of damage. Section 18–9–101(2), C.R.S. (1978 Repl. Vol. 8). Thus, since the instructions adequately informed the jury of the applicable law, the giving of the challenged instruction was not reversible error. *People v. Travis,* 192 Colo. 169, 558 P.2d 579 (1976).

■ Furthermore, the concert of action instruction did not mistate the law. Engaging in a "riot" requires an "assemblage" which implies only a "collection" of persons and not a concert of action, or a common purpose, an agreement or a conspiracy. There was no error, therefore, in giving the concert of action instruction. *Trujillo v. People,* 116 Colo. 157, 178 P.2d 942 (1947)

Judgment affirmed.

BERMAN and STERNBERG, JJ., concur.