## No. 80SA140

**David Sweet v. The Honorable Whitford W. Myers, Judge of the District Court in and for the County of Saguache and State of Colorado and Eugene L. Farish, District Attorney for the 12th Judicial District, State of Colorado**

(612 P.2d 75)

Decided June 2, 1980.

Donald K. Smith, Terry E. Turner, for petitioner.

Eugene L. Farish, District Attorney, for respondents.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

The petitioner brought this original proceeding pursuant to C.A.R. 21, alleging that his statutory right to a speedy trial[1] has been denied, and seeking relief in the nature of prohibition. We issued a rule to show cause and now make the rule absolute.

The petitioner was arrested on charges of class 4 felony fraud by check. *See* sections 18-5-205(2) and (3)(c), C.R.S. 1973 (1978 Repl. Vol. 8). A preliminary hearing was held in the county court on February 8, 1979, and the petitioner was bound over as charged to the respondent district court. Arraignment in the respondent court was set for March 23, 1979.

Subsequently, however, counsel for the petitioner moved to continue the arraignment. The petitioner's written motion for a continuance stated that "the Defendant waives his right to a speedy trial." The arraignment was rescheduled for April 20, 1979.

---

[1] *See* section 18-1-405, C.R.S. 1973 (1978 Repl. Vol. 8 & 1979 Supp.); Crim. P. 48(b). The petitioner does not base his speedy trial claim on the federal and state constitutional provisions guaranteeing the right to a speedy trial, and in view of our disposition of this case, we find it unnecessary to consider the constitutional rights to a speedy trial (*see U.S. Const.* amend. VI; *Colo. Const.* Art. II, Sec. 16).

At the arraignment held on April 20, the petitioner entered a plea of not guilty and demanded a trial to a jury. The respondent court suggested May 9, 1979, as a possible trial date. In response, counsel for the petitioner stated, "We will waive speedy trial if that is the concern. There is no problem there." The court set a trial date of July 30, 1979.

On July 10, 1979, the district attorney filed a written motion in the respondent court, requesting a continuance of the scheduled trial date on the grounds that "[a] material and necessary witness will not be available" on July 30. On July 16, 1979, the court entered a written order rescheduling the trial for November 1, 1979, on the grounds that "there has been cause for vacating" the July 30 trial date. Neither the district attorney nor defense counsel was present when the respondent court granted the continuance, and it appears from the record before us that, in granting the continuance, the court relied entirely on the district attorney's written motion.

At a pretrial conference held on October 22, 1979, the petitioner moved to dismiss on the grounds that he had not been brought to trial within six months of the entry of his plea of not guilty on April 20, 1979. The court granted the petitioner's motion.[2] On February 6, 1980, however, the court reconsidered its ruling on the speedy trial question and reversed the prior order of dismissal. Trial was set for April 7, 1980, and the petitioner brought this action under C.A.R. 21.

## I.

The petitioner's speedy trial claim is based on section 18-1-405(1), C.R.S. 1973 (1978 Repl. Vol. 8), which provides as follows:

"Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode."[3]

The petitioner pled not guilty to the charges against him on April 20, 1979. He was not brought to trial during the subsequent six-month period ending on October 20, 1979. Therefore, under section 18-1-405(1), he was entitled to a dismissal of the charges unless the statutory speedy trial period was extended or tolled pursuant to another provision of the speedy trial statute.

---

[2] We note that on October 29, 1979, the district attorney filed a notice of appeal with respect to the October 22, 1979, order dismissing the case against the petitioner. The appeal, however, was dismissed by order of this court on January 7, 1980, on the motion of the district attorney.

[3] Crim. P. 48(b)(1) is of like effect.

The district attorney argues[4] that the speedy trial period should be extended pursuant to section 18-1-405(6)(g)(I), C.R.S. 1973 (1978 Repl. Vol. 8), which provides as follows:

"In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:

. . . .

"(g)   The period of delay not exceeding six months resulting from a continuance granted at the request of the prosecuting attorney, without the consent of the defendant, if:

"(I)   The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that this evidence will be available at the later date. . . ."[5]

It is true that if the district attorney's motion to continue the trial date from July 30, 1979, to November 1, 1979, comes within the scope of section 18-1-405(6)(g)(I), the resulting period of delay cannot be computed for purposes of section 18-1-405(1). Under section 18-1-405(6)(g)(I), however, it must be demonstrated that, in continuing a trial date beyond the otherwise applicable speedy trial period, the trial court specifically found that: (a) the continuance was necessary because of the unavailability of material evidence intended to be presented by the People; (b) the People exercised due diligence in attempting to make the evidence available on the scheduled trial date; and (c) reasonable grounds exist to believe that the evidence will be available on the date to which the trial is sought to be continued. There must be support for the findings in the record before the court. *Tasset v. Yeager,* 195 Colo. 190, 576 P.2d 558 (1978); *Murphy v. District Court,* 195 Colo. 149, 576 P.2d 163 (1978); *People v. Baker,* 38 Colo. App. 101, 556 P.2d 90 (1976).[6] In this case, the record before us indicates that the respondent court granted the district attorney's motion to continue the July 30, 1979, trial date solely on the basis of the district attorney's written motion. That motion contained only the unsupported allegation that a material witness would be unavailable for trial on July 30, 1979. There was no showing of due diligence or that the witness would be available at a later trial date. In these circumstances, we hold that the delay between July 30, 1979, and November 1, 1979, is not properly excludable from the statutory speedy trial period

---

[4] Because the petitioner makes no claim based on the constitutional rights to a speedy trial, see fn. 1, *supra,* we will not address the district attorney's arguments with respect to the applicability of the constitutional speedy trial guarantees to the facts of this case.

[5] Crim. P. 48(b)(6)(VII)(A) is of like effect.

[6] For the purposes of this case, we assume without deciding, as did the Colorado Court of Appeals in *People v. Baker, supra,* that an *ex parte* continuance may be granted on the grounds stated in section 18-1-405(6)(g)(I) and Crim. P. 48(b)(6)(VII)(A).

under section 18-1-405(6)(g)(I), and that the petitioner was entitled to a dismissal of the charges against him under section 18-1-405(1).

## II.

■ The district attorney argues that the petitioner, on two occasions, waived his speedy trial rights under section 18-1-405, C.R.S. 1973 (1978 Repl. Vol. 8). The district attorney relies on: (a) a statement included in the petitioner's March 23, 1979, motion to continue the arraignment date; and (b) a statement made to the respondent court by defense counsel at the April 20, 1979, arraignment. For the reasons stated below, we conclude that the statements of defense counsel, in the particular circumstances of this case, do not constitute a waiver by the petitioner of the right to challenge the statutory speedy trial violation which occurred when the respondent court continued the trial date beyond October 20, 1979.

■ Section 18-1-405 and Crim. P. 48(b) were designed to render the federal and state constitutional rights to a speedy trial more effective. *P.V. v. District Court,* 199 Colo. 357, 609 P.2d 110 (1980); *Simakis v. District Court,* 194 Colo. 436, 577 P.2d 3 (1978). Every reasonable presumption against waiver of fundamental constitutional rights must be indulged. We must therefore examine the asserted statements of waiver carefully, giving particular attention to the context in which each was made.

On March 23, 1979, when the petitioner moved to continue the arraignment date, his written motion contained a statement to the effect that "the Defendant waives his right to a speedy trial." We consider this statement to have been intended only as a waiver of the right to challenge any speedy trial violation caused by the request for a continuance of the arraignment date. However, the statutory speedy trial period did not begin to run under section 18-1-405(1) until the defendant entered his plea of not guilty at the arraignment on April 20, 1979. No statutory speedy trial violation occurred when the arraignment was continued to April 20, and defense counsel's statement of waiver ceased to be effective when the continuance was granted by the respondent court.

We are of the view that the statement of waiver made by defense counsel at the April 20, 1979, arraignment hearing was limited by the circumstances in which it was made. The petitioner's counsel offered to waive the protections of the speedy trial statute only "if that is the concern," *i.e.,* only to the extent that the speedy trial statute interfered with the setting of a date for trial. When the respondent court set the trial date for July 30, 1979, well within the six-month statutory period, defense counsel's statement of waiver ceased to be effective.

We reject the district attorney's argument that each of the asserted statements of waiver was effective with respect to *any* subsequently occurring statutory speedy trial violation. Through neither statement, in our opinion, did the petitioner waive his right to challenge the speedy trial

violation outlined in Part I of this opinion, *supra*. The respondent court therefore erred when it denied the petitioner's motion to dismiss the charges against him on statutory speedy trial grounds.

Rule made absolute.