## No. 80SA114

**Robert Louis Marquez v. The District Court in and for the Tenth Judicial District and State of Colorado, and The Honorable Thomas F. Phelps, one of the judges thereof**

(613 P.2d 1302)

Decided June 2, 1980.    Opinion modified and as modified rehearing denied July 14, 1980.

Alex J. Martinez, Deputy State Public Defender, for petitioner.

J. E. Losavio, Jr., District Attorney, Amy S. Isaminger, Deputy, for respondents.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

The petitioner, Robert L. Marquez, brought this original proceeding for relief in the nature of prohibition pursuant to C.A.R. 21, contending that his right to a speedy trial had been denied. We issued a rule to show cause to the Pueblo County District Court, the respondent. We now make the rule absolute.

On January 31, 1979, the petitioner entered pleas of not guilty to charges of second-degree burglary and conspiracy, and trial was scheduled to begin June 25, 1979. On May 31, 1979, the district attorney requested a continuance of the trial date. The petitioner consented to the continuance, and trial was rescheduled for August 28, 1979. Because the petitioner agreed to the continuance, the time for him to be brought to trial was extended from July 31, 1979 to October 28, 1979. Section 18-1-405(4), C.R.S. 1973 (now in 1978 Repl. Vol. 8) and Crim. P. 48(b)(4).[1]

A jury was empaneled on August 28, 1979, but before the jury was sworn, the district attorney requested a continuance because the chief witness in the case could not be located. The petitioner objected to the

---

[1] Section 18-1-405(4) provides:
"If a trial date has been fixed by the court, and thereafter the prosecuting attorney requests and is granted a continuance, the time is not thereby extended within which the trial shall be had, as is provided in subsection (1) of this section, unless the defendant in person or by his counsel in open court of record expressly agrees to the continuance. The time for trial, in the event of such agreement, is then extended by the number of days intervening between the granting of such continuance and the date to which trial is continued."
*See also* Crim. P. 48(b)(4).

continuance. The court allowed the district attorney until the next day to find the witness. On August 29, the witness still was missing, and the court dismissed the jury panel unsworn. The district attorney presented testimony about efforts to find the missing witness. The court reset trial for September 6, 1979, or, if the witness could not be found by then, for December 26, 1979.

The next court docket entry is February 11, 1980. The witness had been located on February 4, 1980, and the court set trial for February 26, 1980. On February 20, the petitioner filed a motion to dismiss for violation of the petitioner's right to a speedy trial. The court denied the motion, vacated the trial date of February 26, and reset the matter for trial on March 6, 1980. On March 4, the trial court denied the petitioner's second motion to dismiss for violation of speedy trial rights. Also on March 4, the court granted the petitioner's request for a stay of the March 6 trial date while the petitioner brought this original proceeding to challenge denial of his motion to dismiss.

Section 18-1-405(6)(g)(I), C.R.S. 1973 (now in 1978 Repl. Vol. 8), and Crim. P. 48(b)(6)(VII)(A) allow a continuance not to exceed six months, at the request of the prosecuting attorney, without the consent of the defendant, to be excluded from the computation of the speedy trial time if:
"The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due dilligence to obtain such evidence and there are reasonable grounds to believe that this evidence will be available at the later date; . . ."
Section 18-1-405(6)(g)(I), C.R.S. 1973 (now in 1978 Repl. Vol. 8).
The missing witness was located on February 4, 1980.[2] Sixty days remained of the petitioner's six months, which allowed until April 4, 1980 for trial.[3]

■ Petitioner maintains that the continuance should not be excluded from the computation of his speedy trial time because the district attorney failed to establish as required by statute the materiality of the witness' testimony, the diligence of the prosecuting attorney, and a reasonable basis to believe the witness would be found, and the trial court failed to make corresponding findings. We agree.

■ Initially we note that the burden of compliance with the speedy trial statute is on the district attorney and the trial court. *See, e.g., Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225 (1977). The

---

[2] The record does not indicate what happened when the witness was not found by the scheduled December 26th trial date. Because the statute permits a continuance not to exceed six months until the evidence is available, and the record here is unclear, we chose the date of February 4th, when the evidence became available, as the last day for the continuance.
[3] This date is determined under section 18-1-405(4). *See* footnote 1, *supra.*

burden includes making a record sufficient for an appellate court to determine statutory compliance. *People v. Baker,* 38 Colo. App. 101, 556 P.2d 90 (1976).

█ The record relevant to the continuance includes only minute entries for August 28 and 29 and an investigator's affidavit, dated a week after the court granted the continuance, about attempts to locate the witness. The minute entries indicate the district attorney stated that the missing witness was the prosecution's chief witness, but the record does not include a showing of materiality. The minute entries also reflect that the sheriff testified about efforts to locate the witness, but the record does not include his testimony. There is no showing of reasonable grounds to believe that the witness would be available at a later date. Nor did the trial court make specific findings establishing the statutory elements for our review. *Cf. People v. Abeyta,* 195 Colo. 338, 578 P.2d 645 (1978). Because the record is insufficient, the August 29th continuance cannot be excluded from the speedy trial computation, and the petitioner should have been tried by October 28, 1979. A trial date of March 6, 1980 was beyond the time for a speedy trial, and the court should have dismissed the charges against the petitioner. *See Sweet v. Myers,* 200 Colo. 50, 612 P.2d 75 (1980).

█ Relief in the nature of prohibition under C.A.R. 21 is an appropriate remedy when a district court is proceeding without jurisdiction to try a defendant in violation of his right to a speedy trial. *Hampton v. District Court,* 199 Colo. 104, 605 P.2d 54 (1980).

Accordingly, the rule to show cause is made absolute, and the trial court is directed to grant the petitioner's motion to dismiss for failure to comply with the speedy trial statute and rule.