The PEOPLE of the State of
Colorado, Petitioner

v.

George Cecil ROBERTS, Respondent.

No. 05SC764.

Supreme Court of Colorado,
En Banc.

Oct. 16, 2006.

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, Attorneys for Petitioner.

Neff Services, Inc., Lauretta A. Martin Neff, Bayfield, Colorado, Attorney for Respondent.

Justice MARTINEZ delivered the Opinion of the Court.

## Introduction

We granted certiorari to review whether the court of appeals erred by requiring a dismissal in this case on speedy trial grounds. The trial of George C. Roberts was continued three times; twice due to the pregnancy of a prosecution witness called to testify about prior inconsistent and inculpatory statements made by Roberts. After the trial court denied his motion to dismiss on speedy trial grounds, Roberts was convicted of theft of approximately $27,000 from two 7–11 stores.

Roberts appealed his conviction asserting that his statutory right to a speedy trial was violated because the record was insufficient to support the trial court's ruling that the evidence was material to the state's case and therefore the trial court improperly extended his speedy trial deadline.

In *People v. Roberts*, No. 03CA1787, 2005 WL 1412180 (Colo.App. June 16, 2005) (unpublished pursuant to C.A.R. 35(f)), the court of appeals agreed with Roberts, finding that the record was insufficient for appellate review of the materiality of the unavailable evidence. The court of appeals reversed the trial court and remanded with instructions to dismiss the case. Upon review, we find that the statements made by the prosecutor were sufficient for a trial court to rule on the materiality of the unavailable evidence and that Roberts' statutory speedy trial rights were not violated. Accordingly, we reverse the judgment of the court of appeals and remand with instructions to reinstate the judgment of the trial court.

## I. Facts and Procedural History

George C. Roberts, the Respondent, was charged with theft of bank deposits in his capacity as a 7–11 store manager. On June 14, 2002, he withdrew his prior guilty plea and entered a not guilty plea. The trial court calculated that Roberts' six-month speedy trial deadline was December 14, 2002, and then set the case for trial on October 28, 2002.

Though both parties had announced during the status conference that they were ready to proceed to trial, the October 28 trial was continued because another case had speedy trial priority. A new trial date was set for November 18.

During a pre-trial status conference held on November 14, the prosecutor announced he was not ready to proceed to trial on November 18. The prosecutor told the court that "a necessary witness is pregnant and due on November 29, lives in Nebraska, has a physician statement that she cannot travel by car or by plane and that it would be impossible for her to be here for trial next Monday [November 18]." The trial judge and the defense were previously advised in October that the prosecutor had a pregnant witness. Though a December 9 trial date was available, the prosecutor cited the section of the speedy trial statute that permits a trial judge to extend a defendant's speedy trial deadline and moved for a new trial date beyond December 14, 2002.

At the same hearing, Roberts announced ready for trial and objected to both the continuance of the November 18 trial and the motion to extend the speedy trial deadline. Roberts objected to the motion to extend speedy trial as not ripe in light of the availability of a December 9 trial date. Notwithstanding the concerns of the prosecutor, the judge set the trial for December 9 and advised the parties to be prepared to argue motions at a status conference set for December 5.

On December 4, 2002, a day before the status conference, the prosecutor filed a written motion to continue the trial pursuant to section 18–1–405(6)(g)(I), C.R.S. (2006)[1], stating that the witness was unavailable because she was scheduled for an induced delivery on December 9, the day of trial. The motion described the prosecutor's contact with the witness and the circumstances of her pregnancy. The prosecutor also assured the court of the subsequent availability of the witness. Finally, the motion alleged that the witness was "essential" and "material" but contained no further information regarding the evidence she would provide at trial.

On December 5, the trial court held the status conference and a hearing on the motion to continue. Roberts objected to the People's motion and to a trial date set beyond the speedy trial deadline of December 14. Roberts invoked both his statutory and constitutional rights to a speedy trial and moved for a dismissal of the charges.[2]

---

1. The most recent version of the statute is unchanged from 2002.

2. The issue presented here only implicates Roberts' statutory right to a speedy trial under section 18–1–405(6)(g)(I). *See People v. McMurtry*, 122 P.3d 237, 240 (Colo.2005)(explaining that the statutory speedy trial protection is meant to give effect to the constitutional right to a speedy trial).

In support of his motion to continue, the prosecutor told the trial court that the unavailable witness had made a written statement to police, that the statement had been provided to the defendant, and that the statement inculpated the defendant. The prosecutor explained that the evidence would be offered as a prior inconsistent statement relevant to the defendant's guilty knowledge of the whereabouts of the money. Roberts objected, asserting that the prosecutor's statements were not specific enough to allow the trial court to rule on the materiality of the witness.

The trial court, noting Roberts' objection and motion to dismiss, granted the People's motion to continue and set a new trial date eight weeks later—February 3, 2003. The trial went forward and Roberts was convicted of theft. Roberts appealed his conviction to the court of appeals on speedy trial grounds.

The court of appeals reversed and remanded with orders to dismiss Roberts' case, finding that his statutory speedy trial rights were violated. In an unpublished opinion, the court of appeals concluded that "neither the trial court nor the People satisfied the burden of making a record sufficient to enable us to review the materiality of the evidence to be presented by the unavailable witness." *Roberts*, slip op. at 7.

Specifically, the court of appeals found that the prosecutor's statements were too general in that they did "not specify the content of the witness's statements so that they could be evaluated by the trial court and by this court on appeal, to determine whether they established guilty knowledge or would impeach defendant in a way that was material to the state's case." *Id.* at 8. The court of appeals further ruled that "the trial court had a duty to inquire more fully regarding the evidence...." *Id.* Finding the record insufficient for appellate review, the court of appeals reversed the judgment of the trial court and remanded for dismissal of the charges. The People appealed.

We granted certiorari to determine if the record made by the prosecutor and the trial court in this case was sufficient to support granting the People's motion to extend speedy trial under section 18–1–405(6)(g)(I) of the Colorado Revised Statutes.

## II.  Analysis

The People argue that the prosecutor's offer of proof and the trial court's ruling were sufficient to establish a record that Roberts' final trial date was properly excluded from the six-month speedy trial limit established in section 18–1–405. Roberts responds that the court of appeals properly rejected the record as insufficient to warrant a finding that the evidence in question was material to the state's case. In evaluating the decision by the court of appeals, we begin by analyzing the requirements of the speedy trial statute. We then apply the statute to the facts of this case. We conclude that the prosecutor's offer of proof contained sufficient information to support the trial court's decision to grant the People's motion to continue and extend the time for trial beyond the six month statutory period.

### A.  The Speedy Trial Statute

The speedy trial statute entitles a defendant to a dismissal of the charges against him if he is not brought to trial within six months. § 18–1–405(1), C.R.S. (2006); *Sweet v. Myers*, 200 Colo. 50, 612 P.2d 75, 77 (1980). A fundamental purpose of the speedy trial statute is to prevent unnecessary delay in a pending criminal proceeding. *People v. Moye*, 635 P.2d 194, 195 (Colo.1981). Both the interests of the public and the rights of the defendant are protected by an expeditious trial. *Id.* The statute also directs courts on how to calculate speedy trial deadlines such that the period for trial may be extended beyond six months. § 18–1–405(6). Section 18–1–405(6)(g) describes the circumstances under which the speedy trial period may be extended at the request of the prosecutor without the consent of the defendant, only one of which is at issue here: the unavailability of material evidence.[3] § 18–1–

---

**3.**  Section 18–1–405 reads in relevant part:
  (1) Except as otherwise provided in this section, if a defendant is not brought to trial on the

issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be

405(6)(g). Even more narrowly, only the first element of section 18–1–405(6)(g)(I) is at issue: "the unavailability of evidence material to the state's case." Whether the prosecutor exercised due diligence, and whether there was reason to believe the evidence would be available at a later date were never challenged below.

█ The speedy trial statute itself does not define "evidence material to the state's case." We therefore must look to other sources of law to determine its meaning. *See City of Colo. Springs v. Powell,* 48 P.3d 561, 564 (Colo.2002)(citing *State v. Nieto,* 993 P.2d 493, 500 (Colo.2000))(finding that technical terms should be construed according to their technical contexts). Black's Law Dictionary defines "material" in part as: "having some logical connection with the *consequential* facts." Black's Law Dictionary 998 (8th ed.2004) (emphasis added). The Colorado Court of Appeals has also found that "material evidence" is consequential and not merely relevant evidence.

█ The court of appeals addressed the scope of the word "material" as it is used in section 18–1–405(6)(g)(I) in *People v. Koolbeck.* In *Koolbeck,* the court of appeals used the words "essential" *and* "relevant" to define "material" where an unavailable accomplice was the only witness to implicate the defendant. *People v. Koolbeck,* 703 P.2d 673, 677 (Colo.App.1985). Used together, these words suggest that "material" evidence is more than merely probative evidence when statutory speedy trial rights are implicated. We agree with the court of appeals' understanding that "material" means more than merely probative or relevant evidence in the

discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed . . .

(6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, *the following periods of time shall be excluded:* . . .

(g) The period of delay not exceeding six months resulting from a continuance *granted at the request of the prosecuting attorney, without the consent of the defendant,* if:

(I) *The continuance is granted because of the unavailability of evidence material to the state's*

context of continuing a trial beyond the speedy trial deadline.

█ There must be good cause to continue a defendant's trial to a later date. *People v. Bakari,* 780 P.2d 1089, 1092 (Colo.1989)(citing the ABA Standards for Crim. Justice—Speedy Trial, Standard 12–1.3 at 12.11.[currently at Standard 12–2.3(a)(vi) ). When considering any motion to continue, trial courts look at the totality of the circumstances, including any resulting prejudice caused by granting or denying the motion. *People in the Interest of D.J.P.,* 785 P.2d 129, 132 (Colo.1990). A motion to extend the speedy trial deadline directly implicates a defendant's statutory rights. The defendant's statutory right to a speedy trial is significant. Therefore, the consequence to the People's case of not continuing a trial must also be significant. The prejudice to the state's case caused by the absence of the evidence must be sufficient to overcome the prejudice to the defendant's statutory right to a speedy trial.[4] Thus the evidence itself, to be material, must be of some greater consequence to the state's case beyond mere relevance, and it is the prosecutor's burden to show that the evidence is material.

██ The burden of compliance with the speedy trial statute is on the district attorney and the trial court. *People v. Chavez,* 779 P.2d 375, 376 (Colo.1989); *Marquez v. Tenth Judicial Dist.,* 200 Colo. 55, 613 P.2d 1302, 1303–04 (1980) (citing *Harrington v. Dist. Court,* 192 Colo. 351, 559 P.2d 225 (1977) (finding that a defendant's only obligation under the speedy trial statute is to move to dismiss prior to trial)). That burden includes making a sufficient record that all three elements of section 18–1–405(6)(g)(I), have been

*case,* when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that this evidence will be available at the later date. . . ." (Emphasis added).

4. Though the right involved here is only statutory, a similar balancing test is also employed when assessing a constitutional speedy trial violation. *Moody v. Corsentino,* 843 P.2d 1355, 1363 (Colo.1993).

met: 1) unavailability of evidence material to the state's case; 2) due diligence by the People to make the evidence available; and 3) reason to believe that the evidence will be available on the new trial date. *Sweet,* 612 P.2d at 77. Meeting this burden requires that the People provide to a trial court, with some specificity, enough information on the record to show that they met their statutory burdens, including how the unavailable evidence is material to the state's case. *See id.,* 612 P.2d at 78.

Once the prosecutor explains the significance and purpose of the unavailable evidence, the trial court must then evaluate the prosecutor's statements and weigh the competing interests. To do this, a trial court must have enough information to exercise its independent judgment. *Id.* A motion containing unsupported allegations that a witness is material and unavailable for trial is insufficient. *Id.* A minute entry made by the court indicating that the People's chief witness is missing is also insufficient absent a showing of materiality. *Marquez,* 613 P.2d at 1304. We now turn to an examination of whether the information the prosecutor provided to the trial court in this case was sufficient.

## B. The Sufficiency of the Prosecutor's Proffer

As we noted above, a prosecutor must show that all three elements of section 18–1–405(6)(g)(I), have been met: 1) unavailability of evidence material to the state's case, 2) due diligence by the People to make the evidence available, and 3) reason to believe that the evidence will be available on the new trial date. *Sweet,* 612 P.2d at 77. The issue here is whether the prosecutor provided sufficient information about the witness's testimony for the trial court to determine that the evidence was material to the state's case. To answer this question, we look to facts as they were known at the time of the trial court's decision.

In the December 4 written motion to continue, the prosecutor explained that he had been in contact with the witness, that the reason for her unavailability was her impending delivery of a baby, and that he knew the date of her scheduled inducement. The written motion further explained that the witness was willing to appear after the birth of her baby. At the hearing, the prosecutor used the family leave statute as a guide and suggested a date at least six weeks from her delivery date to ensure availability. The parties agree, and we accept without deciding, that the prosecutor met his burden to show due diligence and subsequent availability. The issue is the sufficiency of the prosecutor's offer of proof that the unavailable evidence was material to his case.

The written motion, like the record in *Sweet,* provided nothing more than the unsupported allegation that the witness was material. We must therefore look entirely to the statements made by the prosecutor at the status conference on December 5, 2002, to determine whether the prosecutor established that the unavailable evidence was material to the state's case.

At the December 5 hearing, the prosecutor supported his motion to continue by identifying the unavailable evidence as inconsistent and inculpatory statements:

Prosecutor: [The witness] provided and it is in discovery, a written statement to police that incorporated a statement made by the defendant to her that inculpated the defendant. And without her testimony, material evidence as to the defendant's guilt would not be admissible.

Trial Court: Let me ask, is this a theft case involving Mr. Roberts allegedly taking some money from his employer?

Prosecutor: Yes, sir.

Trial Court: Is that a circumstantial case?

Prosecutor: Yes and no.

Trial Court: My question is, is it a circumstantial case because is this the only admission you have?

Prosecutor: No, sir, it is not. Though there is—it would be a prior inconsistent statement made by the defendant between what he tells. There are alleged to be statements made by Mr. Roberts to 7–11 management, and a different statement made previous in time by the defendant to [the witness]. And that is, we think it is

material to show his guilty knowledge and also impeachment of the explanation that he gave later as to the whereabouts of the money that is missing.

Following the prosecutor's proffer, Roberts objected: "We would ask for a little more specificity, rather than a blanket statement of what the statements are." Later, Roberts completed his record and objected to "the fact that the court is finding materiality under (6)(g) without actually concerning [sic] how that evidence is material or what the evidence is." On appeal, Roberts asserts that the lack of specificity deprived him of the opportunity to challenge the prosecutor's proffer.

The prosecutor told the trial judge that the unavailable witness was being called to testify about the defendant's inconsistent and inculpatory explanations of the missing bank deposits—an issue at the heart of the theft charges pending against Roberts. While the exact statements themselves were not offered, the prosecutor said they were in discovery. Roberts never claimed that he did not have the witness's statements; rather he appeared to be asking the trial judge for more argument as to why the statements were material.

Roberts argues that if he received the specificity he asked for, he could have objected to the substance of the prosecutor's proffer. Had Roberts claimed that the statements were not inconsistent or inculpatory statements, the trial court might have had reason to question the prosecutor more. However, the general request by Roberts for more specificity, without being more specific himself about what he was challenging, did not impose a duty on the trial court to inquire further.

Before ruling on the prosecutor's motion to continue, the trial court did inquire into the nature of the statements described by the prosecutor. The judge asked about the circumstantial nature of the statements and whether there were any other admissions made by Roberts. After hearing the prosecutor's proffer and Roberts' objection, the court ruled in favor of the prosecutor:

Trial Court: Understood. I am going to take counsel at his word. I take attorneys at their word, of course. It sounds like there is enough experience in me to take the reputation [sic] that she is material with regard to this matter.

If the trial court had merely accepted the prosecutor's conclusion that the witness was material, we would agree with the court of appeals. However, the prosecutor did not make unsupported conclusory statements that the witness was material. The prosecutor said the witness would testify about Roberts' inconsistent and inculpatory statements. Hearing no objection from the defendant that the statements were not inconsistent or that they were not inculpatory, the trial court could rely on the prosecutor's proffer for what it was—support for the proposition that the witness was material to the state's case. The prosecutor's offer of proof provided sufficient information to the trial court to support the judge's decision to continue the trial beyond the December 14 speedy trial deadline.

■ We emphasize that a trial court must exercise its independent judgment and may not accept the mere conclusions of a prosecutor. However, prosecutors are under an obligation to be candid and truthful with the court, and a trial judge must be able to rely on a prosecutor's offer of proof. *See People v. Reichman,* 819 P.2d 1035, 1038–39 (Colo.1991) (noting that prosecutors owe "a very high duty" to the public); *People v. Drake,* 841 P.2d 364, 367 (Colo.App.1992)(reminding District Attorneys that they must avoid partiality and misconduct in the course of their duties). Thus, while it is the prosecutor's burden to show compliance with the statute, absent a challenge to the accuracy of the proffer, a trial court may rely on a prosecutor's offer of proof as it did in this case.

In summary, the information provided by the prosecutor demonstrated that he complied with the statute and that the unavailable evidence was material to his case. Further, whether the prosecutor exercised due diligence in trying to make the witness available and whether the witness would be available in the future was never questioned. Once the prosecutor explained the unavailable evidence was inconsistent and inculpato-

ry statements by the defendant, the trial court had sufficient information to conclude that the unavailable evidence was of consequence, and therefore material to, the state's case. Therefore, the February 3 trial did not violate Roberts' statutory right to a speedy trial. Finding no violation of the speedy trial statute, the decision of the trial court must stand.

### III. Conclusion

Because the prosecutor's statements here were sufficient for the trial court to exercise its independent judgment when ruling on the People's motion to continue, the record is sufficient to support the trial court's conclu-sion that the unavailable evidence was material to the state's case. Thus, the trial court did not violate Roberts' statutory right to a speedy trial. We therefore reverse the decision of the court of appeals and remand with instructions to reinstate the judgment of the trial court.

Justice EID does not participate.