The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
January 11, 2024

**2024COA4**

**No. 22CA0925, *People in Interest of CMWR* — Juvenile Court —
Delinquency — Adjudicatory Proceedings; Criminal Law —
Rights of Defendant — Speedy Trial — Exceptions —
Continuance Granted Without Defendant's Consent —
Unavailability of Evidence Material to State's Case**

A division of the court of appeals considers what statutes a

juvenile court must apply when determining whether to continue an

adjudicatory action against a juvenile past the speedy trial deadline,

over the juvenile's objection.  The division decides, as a matter of

first impression, that a court must consider the factors set forth in

section 18-1-405(6)(g), C.R.S. 2023 — a statute that addresses

continuances in trials of adult defendants — when deciding whether

continuance of the trial in a juvenile adjudicatory action would

violate the juvenile's speedy trial rights.  Under the facts of the case,

the division holds that the juvenile court erred by continuing the

juvenile's trial past the speedy trial deadline because the prosecutor failed to meet her burden of establishing, and the court did not find, that the requirements of section 18-1-405(6)(g) were satisfied.

Court of Appeals No. 22CA0925
Mesa County District Court No. 21JD132
Honorable Lance P. Timbreza, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of C.M.W.R.,

Juvenile-Appellant.

JUDGMENT VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE LIPINSKY
Welling and Gomez, JJ., concur

Announced January 11, 2024

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney General, Denver, Colorado, for Petitioner-Appellee

Tara Jorfald, Alternate Defense Counsel, Lakewood, Colorado, for Juvenile-Appellant

¶ 1     Juveniles charged with offenses in adjudicatory actions, like adults charged with criminal offenses, have statutory and constitutional rights to a speedy trial.  But those rights are not absolute.  In this opinion, we consider the statutes that a juvenile court must consider when determining whether a juvenile's speedy trial rights would be violated by granting a continuance at the request of the prosecutor, without the juvenile's consent.  We decide, as a matter of first impression, that a court must consider the factors set forth in section 18-1-405(6)(g), C.R.S. 2023, which addresses continuances in trials of adult defendants, when ruling on a prosecutor's request to continue the trial in a juvenile adjudicatory action past the speedy trial deadline, without the juvenile's consent.

¶ 2     C.M.W.R., a/k/a L.M.R. (the juvenile), contends that (1) their statutory and constitutional speedy trial rights were violated, and (2) the court erred by not merging their first degree arson and criminal mischief convictions.  We agree that the juvenile's statutory speedy trial rights were violated, vacate the juvenile's adjudication of delinquency, and remand to the district court with instructions to dismiss the charges filed in this case.  In light of our

1

disposition, we need not reach the juvenile's constitutional speedy trial or merger arguments.

## I.  Background Facts and Procedural History

¶ 3      In April 2021, the Church of Jesus Christ of Latter-day Saints Meetinghouse in Fruita caught fire, resulting in more than one million dollars in damage.  Law enforcement officers arrested the juvenile in connection with the fire.  Two months later, the prosecutor charged the juvenile with one count of criminal mischief in violation of section 18-4-501(1), C.R.S. 2023; one count of first degree arson in violation of section 18-4-102(1), C.R.S. 2023; and one count of second degree burglary in violation of section 18-4-203(1), C.R.S. 2023.

¶ 4      At a hearing conducted on September 27, 2021, the juvenile entered a not guilty plea and requested that the court set a bench trial within sixty days, pursuant to section 19-2.5-902(1), C.R.S. 2023.  The court determined that the speedy trial deadline was November 26, 2021 (sixty days from September 27).

¶ 5      The prosecutor and defense counsel announced that they were available for a five-day trial starting on November 22, 2021 — the Monday of Thanksgiving week.  After the court set the trial for that

date, the prosecutor said she "[had] a feeling that [she] may have an issue with witnesses . . . because it is Thanksgiving [week]." The court asked the prosecutor to check with her witnesses and said "that way we're not going through herculean efforts to set over a holiday and it's going to cause us a problem anyway. And then we can figure out" the setting.

¶ 6    At a hearing conducted three days later, the prosecutor advised the court that "at least a couple [of witnesses] as of right now" would be unavailable Thanksgiving week. Defense counsel objected to setting the trial more than sixty days from the date of the juvenile's not guilty plea.

¶ 7    At a further hearing conducted on November 3, 2021, the prosecutor formally requested a continuance of the November 22 trial date due to witness unavailability. The prosecutor's entire argument in support of her request for the continuance was:

> So the People have reached out to multiple witnesses, and they're unavailable that weekend [sic]. And we have spoken to those. Some of whom are essential to the case in proving the People's case, and we can't proceed without them. So given the holiday conflict — the DA's personally ready. It's just a witness conflict and unavailability and some of whom

3

are flying or will be flying from across the country.

¶ 8    The juvenile objected to the prosecutor's request for a continuance and asserted their right to a speedy trial. In its ruling from the bench granting the prosecutor's motion to continue, the court said as follows:

- "[S]peedy trial runs on November 26, 2021."

- "The prosecutor indicates [she] ha[s] witness unavailability [but she] made diligent efforts in terms of attempting to arrange witnesses but would require flights and travel and individuals who are unavailable due to the holiday."

- "Given that and given the nature of the allegations in this case, the amount of discovery, the investigation on the part of all of the parties, the Court finds that there is good cause to set beyond the speedy trial setting of November 26th."

The court then reset the trial for January 10, 2022, which was the next date when both attorneys said they were available. Defense counsel later filed a motion to dismiss the charges against the

juvenile on the grounds that the juvenile's right to a speedy trial had been violated.

¶ 9      The juvenile's initial trial began on January 10, 2022 — 105 days following the juvenile's entry of a not guilty plea.  But on the second day of trial, the prosecutor announced that several of her out-of-state witnesses had been exposed to, or had contracted, COVID-19 and were unable to travel.  She requested a mistrial.  The defense objected, arguing that "the benefit that [the witnesses] do add to the Prosecution does not outweigh [the juvenile's] right to have a speedy trial."  The court granted the prosecutor's request for a mistrial over defense counsel's objection and continued the trial to February 14, 2022.  (The propriety of the court's decision to grant the mistrial is not at issue in this appeal.)

¶ 10     Defense counsel subsequently renewed her motion to dismiss the case "because holding the trial past November 26, 2021 violated [the juvenile's] speedy trial rights."

¶ 11     The juvenile's bench trial began on February 14, 2022 — 141 days following the juvenile's entry of a not guilty plea.  At the conclusion of the trial, the court adjudicated the juvenile delinquent on all counts.

## II.    Analysis

¶ 12    The juvenile raises two contentions on appeal.  First, they contend that their statutory and constitutional speedy trial rights were violated when the court set their trial past the sixty-day speedy trial deadline because the prosecutor's argument for a continuance lacked the necessary specificity regarding the materiality of the unavailable witnesses' anticipated testimony. Second, they contend that the court erred by not merging the first degree arson and criminal mischief convictions because those offenses arose from the same conduct.

¶ 13    We agree with the juvenile that their statutory speedy trial rights were violated.  For this reason, we do not reach their other contentions.

### A.    Standard of Review

¶ 14    The interpretation and application of speedy trial statutes are questions of law subject to de novo review.  *See People v. Sherwood,* 2021 COA 61, ¶ 19, 489 P.3d 1233, 1238.  (After the division decided *Sherwood,* the General Assembly recodified and renumbered title 19, which governs adjudicatory actions against

6

juveniles. *See* Ch. 136, 2021 Colo. Sess. Laws 557-773. Like the parties, we cite the speedy trial statutes as currently numbered.)

¶ 15　　In addition, we review the district court's factual findings for clear error; "we will not disturb those findings if they are supported by the record." *People v. Nelson*, 2014 COA 165, ¶ 25, 360 P.3d 175, 181. A trial court's factual findings are clearly erroneous only if they have "no support in the record." *Id.* at ¶ 17, 360 P.3d at 180.

## B.　Applicable Law

¶ 16　　Section 19-2.5-904(2), C.R.S. 2023, specifies the deadlines for the various phases of an adjudicatory action against a juvenile. As applicable here, section 19-2.5-904(2)(d) states that, "[i]n bringing an adjudicatory action against a juvenile . . . , the district attorney and the court shall comply with the deadlines for . . . [h]olding the adjudicatory trial, as specified in" section 19-2.5-902(1). Section 19-2.5-902(1), in turn, provides that the speedy trial deadline in juvenile adjudicatory actions is sixty days from the entry of the juvenile's plea of not guilty, "[e]xcept as set forth in section 19-2.5-610, [C.R.S. 2023]." That exception — which applies when a

juvenile requests a jury trial — is of no consequence here because the juvenile did not request a jury. *See* § 19-2.5-610(4).

¶ 17 Next, section 19-2.5-904(3) says that "[t]he court may grant a continuance with regard to any of the deadlines specified in subsection (2) of this section upon making a finding of good cause." But section 19-2.5-904(3) does not contain a definition of "good cause." In addition, section 19-2.5-904(1) states that a "juvenile's right to a speedy trial is governed by section 18-1-405 and [Crim. P.] 48(b)."

¶ 18 Section 18-1-405(6) specifies the time periods that are excluded from the computation of the speedy trial deadline pursuant to section 18-1-405(1). Section 18-1-405(6)(g) provides that, in adult criminal cases, the calculation of the speedy trial deadline does not include a "delay not exceeding six months" resulting from a continuance granted at the prosecutor's request, without the defendant's consent. That subsection applies in two situations: (1) when evidence material to the state's case is unavailable, "the prosecuting attorney has exercised due diligence to obtain such evidence," and "there are reasonable grounds to believe that this evidence will be available at the later date,"

8

§ 18-1-405(6)(g)(I); and (2) when "the prosecuting attorney [requires] additional time in [a] felony case[] to prepare the state's case and additional time is justified because of exceptional circumstances of the case," § 18-1-405(6)(g)(II).

¶ 19    "The burden of compliance with the speedy trial statute is on the district attorney and the trial court." *People v. Roberts*, 146 P.3d 589, 593 (Colo. 2006) (analyzing a prior version of section 18-1-405(6)(g)(I) that contained substantially similar language to the current version). "Meeting this burden requires that the People provide to a trial court, with some specificity, enough information on the record to show that they met their statutory burdens, including how the unavailable evidence is material to the state's case." *Id.* at 594.

¶ 20    The remedy for a speedy trial violation is dismissal of the charges with prejudice. *People v. Taylor*, 2020 COA 79, ¶ 18, 467 P.3d 1272, 1275.

C.    We Review the Court's Order Granting the Continuance by Analyzing Section 18-1-405(6)(g)

¶ 21    On appeal, the parties do not dispute, and we agree, that the speedy trial deadline was November 26, 2021 (sixty days from the

9

date of the juvenile's not guilty plea). *See* §§ 19-2.5-904(2), 19-2.5-902(1). But the parties disagree as to which statutes apply to the determination of whether the juvenile's speedy trial rights were violated. The juvenile argues that their statutory speedy trial rights were violated because the court failed to apply section 18-1-405(6)(g), while the People contend there was no speedy trial violation because the court satisfied the general good cause standard found in section 19-2.5-904(3).

¶ 22     We hold that the standard for continuing a trial without the defendant's consent set forth in section 18-1-405(6)(g) applies to requests for continuances in adjudicatory actions against juveniles.

¶ 23     "Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. Each provision of a statute must be construed in harmony with the overall statutory scheme to accomplish the purpose for which the statute was enacted." *People in Interest of J.M.N.*, 39 P.3d 1261, 1263 (Colo. App. 2001); *see also Martin v. People*, 27 P.3d 846, 852 (Colo. 2001) (discussing the principle of statutory construction that specific provisions prevail over general provisions).

¶ 24    The People assert that the speedy trial analysis requires only a determination of whether the trial court correctly applied the open-ended good cause standard found in section 19-2.5-904(3). They point to the description of good cause in *People v. Hines*, 2021 COA 45, 491 P.3d 578, as "an amorphous term, difficult of precise delineation." *Id.* at ¶ 21, 491 P.3d at 584 (quoting *People v. Roberts*, 2013 COA 50, ¶ 29, 321 P.3d 581, 587). The *Hines* division explained that, "[f]or that reason, whether the good cause standard has been satisfied depends on the facts of each case and is an inquiry left to the district court's discretion." *Id.*

¶ 25    But the *Hines* division did not hold that the court's discretion is unbounded. Rather, the division applied "speedy trial case law" to determine whether "good cause" existed for purposes of the Uniform Mandatory Disposition of Detainers Act (the Act) in the absence of a definition of "good cause" in the Act. *Id.* at ¶ 22, 491 P.3d at 584. Specifically, the division looked to the law governing speedy trial in analyzing whether the prosecution had exercised due diligence to obtain certain evidence — and, thus, whether the trial court had erred by finding good cause for a continuance under the Act. *Id.* at ¶¶ 19, 23-24, 491 P.3d at 584.

11

¶ 26    Consistent with the reasoning of *Hines*, in our view, it makes little sense to grant trial courts nearly unbridled discretion to grant a prosecutor's request for a continuance in a juvenile adjudication trial, without the juvenile's consent, when trial courts lack the same degree of discretion when considering similar requests for continuances in cases involving adult defendants. The General Assembly's determination that the speedy trial deadline applicable to juvenile adjudications should be shorter than the speedy trial deadline in criminal cases involving adults reflects a policy decision that juveniles accused of delinquency should be brought to trial more quickly than adult defendants. *Compare* § 19-2.5-902(1) (providing a sixty-day speedy trial deadline in juvenile adjudications), *with* § 18-1-405(1) (providing a six-month speedy trial deadline in criminal cases involving adult defendants). For this reason, it would run counter to the General Assembly's policy decisions to conclude that a continuance resulting in a violation of an adult's speedy trial rights would not, under similar circumstances, result in a violation of a juvenile's speedy trial rights.

¶ 27    Further, the reference to section 18-1-405 found in section 19-2.5-904(1) means that the provisions of the former section apply to juvenile adjudications, to the extent they are not inconsistent with the provisions of the Children's Code. *See J.M.N.*, 39 P.3d at 1263 (holding that, "to give effect to all relevant statutory provisions," a court must read section 19-2.5-904(1) to incorporate the tolling and enforcement provisions of section 18-1-405, "at least to the extent that these provisions are not inconsistent with the more specific sixty-day and 'good cause' continuance provisions" of sections 19-2.5-902(1) and 19-2.5-904(3)). In other words, section 19-2.5-904(1) engrafts onto juvenile cases the speedy trial provisions found in section 18-1-405 and Crim. P. 48(b), to the extent those provisions fill in gaps in the Children's Code.

¶ 28    Following the logic of *J.M.N.*, we hold there is no inconsistency between the general good cause language in section 19-2.5-904(3) and the factors in section 18-1-405(6)(g) that address when a continuance entered without the defendant's consent stops the running of the speedy trial clock. The People's argument that the section 18-1-405(6)(g) factors do not apply to adjudicatory actions against juveniles cannot be squared with the language of section

13

19-2.5-904(1), which, as noted above, explicitly incorporates the requirements of section 18-1-405 and Crim. P. 48(b) into section 19-2.5-904. *See People v. Griego*, 2018 CO 5, ¶ 25, 409 P.3d 338, 342 ("When the statutory language is clear, . . . we give consistent, harmonious, and sensible effect to each part of the statute, and we interpret every word, rendering no words or phrases superfluous and construing undefined words and phrases according to their common usage.").

¶ 29 For these reasons, a court must consider the section 18-1-405(6)(g) factors when determining whether a prosecutor's request for a continuance of the trial in a juvenile adjudicatory action past the speedy trial deadline, without the juvenile's consent, would violate the juvenile's speedy trial rights.

### D. The Prosecutor Did Not Make a Sufficient Showing that the Requested Continuance Would Not Violate the Juvenile's Speedy Trial Rights

¶ 30 The record supports the juvenile's contention that the prosecutor did not proffer, let alone establish, and the court did not find, that the first section 18-1-405(6)(g)(I) factor — evidence material to the prosecutor's case was unavailable — was satisfied. *See* § 18-1-405(6)(g)(I); *Roberts*, 146 P.3d at 592.

14

¶ 31    To satisfy the prosecutor's burden under the first factor, the prosecutor must "provide to [the] trial court, *with some specificity*, enough information on the record to show that . . . the unavailable evidence is material to the state's case." *Roberts*, 146 P.3d at 594 (emphasis added).  The reference to "material" in the first section 18-1-405(6)(g)(I) factor means more than "merely probative or relevant evidence in the context of continuing a trial beyond the speedy trial deadline." *Id.* at 593.  "A motion containing unsupported allegations that a witness is material and unavailable for trial is insufficient." *Id.*

¶ 32    In this case, the prosecutor attempted to bolster her request for a continuance with the very type of unsupported allegations that the *Roberts* court indicated would be insufficient to continue a trial past the speedy trial deadline.  *See id.*  The prosecutor did not reveal the identity of the unavailable witnesses, provide a proffer of their anticipated testimony, or explain why such testimony was material to the prosecutor's case.  Rather, the prosecutor merely represented that she had "reached out to multiple witnesses, and they're unavailable . . . .  Some of [the witnesses] are essential to the case . . . ."

15

¶ 33 Furthermore, this is not the type of case where the context makes clear that, because of the limited number of potential witnesses, most, if not all, of the prosecution's witnesses are necessarily material, if not essential. As of November 2, 2021, the People had endorsed more than 170 lay witnesses and 24 expert witnesses, including two "TBD" Bureau of Alcohol, Tobacco, and Firearms (ATF) agents. The prosecutor called only a modest fraction of these endorsed witnesses at trial.

¶ 34 In any event, "a trial court must exercise its independent judgment and may not accept the mere conclusions of a prosecutor" in deciding whether to continue a trial past the speedy trial deadline, over the defendant's objection. *Id.* at 595. Beyond initially requesting that the prosecutor make a record explaining why a trial date of November 22, 2021, "doesn't work . . . and what efforts [she had] made to secure witnesses" — with the latter inquiry going unaddressed — the court did not exercise independent judgment regarding the prosecutor's request for a continuance past the speedy trial deadline. It did not ask the prosecutor to explain her vague, generalized statement regarding the materiality of the testimony of those witnesses who had

16

indicated their unavailability the week of November 22. The court's unquestioning acceptance of the prosecutor's inadequate argument for a continuance is akin to "[a] minute entry made by the court indicating that the People's chief witness is missing," which "is also insufficient absent a showing of materiality." *Id.* at 594.

¶ 35　　Accordingly, we hold that the prosecutor failed to establish — and the court failed to adequately find — that, under the first section 18-1-405(6)(g)(I) factor, the juvenile's speedy trial rights would not be violated if the trial was continued past the speedy trial deadline. In light of this determination, we need not consider the second and third factors in section 18-1-405(6)(g)(I). *See Roberts*, 146 P.3d at 593-94 (noting that the prosecutor's and the court's burden of complying with the speedy trial statute "includes making a sufficient record that all three elements of section 18-1-405(6)(g)(I), have been met"). The use of "and" in the list of factors in section 18-1-405(6)(g)(I) means that a prosecutor is entitled to an order continuing a criminal trial past the speedy trial deadline, without the defendant's consent, only if the prosecutor has met all three of the factors. *See United States v. Palomar-Santiago*, 593 U.S. 321, 326 (2021) (noting that, when

three statutory requirements "are connected by the conjunctive 'and,'" all three requirements must be met).

¶ 36     The People contend that we can affirm on the alternative basis that the continuance was justified under section 18-1-405(6)(g)(II), which permits a court to grant a continuance past the speedy trial deadline, without the defendant's consent, when the continuance is necessary "to allow the prosecuting attorney additional time . . . to prepare the state's case and additional time is justified because of exceptional circumstances of the case." In support of this argument, the People point to two of the prosecutor's representations to the court: (1) on November 2, 2021 — the day before requesting the continuance and twenty days before trial — the prosecutor said she was still waiting on DNA and fingerprint testing results from the state laboratory; and (2) on December 21, 2021 — nearly a month after the speedy trial deadline had run — the prosecutor said her office had "just received long-awaited litigation packets" from the ATF. But this was not the basis on which the prosecutor sought the challenged continuance. Indeed, when the prosecutor requested the continuance, she specifically said that "the DA's personally ready. It's *just a witness*

*conflict . . . .*" (Emphasis added.) Because the prosecutor requested, and the court granted, the continuance exclusively on the basis of witness unavailability, we do not consider whether the prosecutor could have established grounds for a continuance under section 18-1-405(6)(g)(II). The prosecutor did not present that argument to the court, and the court did not refer to section 18-1-405(6)(g)(II) when continuing the trial.

¶ 37    Moreover, at the same December 21, 2021, status conference at which the prosecutor discussed the recently received evidence from the ATF, she told the court "there is DNA outstanding" — presumably the same DNA test results she referenced during the November 2, 2021, hearing. But she also told the court at the same December hearing, "[w]e're ready to proceed without [the DNA evidence]," illustrating why it would be inappropriate for us to consider grounds not identified to the court.

¶ 38    For these reasons, we hold that the court erred by continuing the juvenile's trial past the sixty-day speedy trial deadline, without the juvenile's consent, because the prosecutor failed to meet her burden of establishing, and the court did not find, that the requirements of section 18-1-405(6)(g) were satisfied.

### III. Disposition

¶ 39    The judgment is vacated, and the case is remanded to the district court with instructions to dismiss the charges in this case.

JUDGE WELLING and JUDGE GOMEZ concur.